UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

BRION HERU'EL OFRIKA BEY,

Plaintiff,

v.                                       CASE No. 8:11-CV-2795-T-30TGW

FLORIDA DEP'T OF HIGHWAY
SAFETY AND MOTOR VEHICLES,

Defendant.

_____

## REPORT AND RECOMMENDATION

THIS CAUSE came on for consideration upon the plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc. 12) pursuant to 28 U.S.C. 1915 seeking a waiver of the filing fee for his complaint against the defendant.

Under 28 U.S.C. 1915(a)(1), the court may authorize the filing of a civil lawsuit without prepayment of fees if the affiant submits an affidavit that includes a statement of all assets showing an inability to pay the filing fee and a statement of the nature of the action which shows that he is entitled to redress. Even if the affiant proves indigency, the case shall be dismissed if

the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. 1915(e)(2)(B)(i), (ii). After unsuccessful attempts, the plaintiff has now filed a proper financial affidavit.

Nevertheless, the plaintiff's rambling complaint is deficient in that it contains no apparent claim over which this court has jurisdiction. The plaintiff seeks to sue the Florida Department of Highway Safety and Motor Vehicles in connection with a failure to permit a name change. The plaintiff alleges that this involves a violation of a federal constitutional right to a change of name (Doc. 1, ¶¶ 24, 62). I am not aware of any such constitutional right.

Furthermore, the plaintiff seeks to sue an agency of the State of Florida in federal court. Such a suit is barred by the Eleventh Amendment to the United States Constitution. See <u>Miccosukee Tribe of Indians of Fla.</u> v. <u>Fla. State Athletic Commission</u>, 226 F.3d 1226, 1231 (11th Cir. 2000).

For these reasons, the plaintiff's complaint is subject to dismissal. §1915(e)(2)(B)(ii). Furthermore, while it is normally appropriate to afford the plaintiff an opportunity to file an amended complaint, <u>see</u>

Troville v. Venz, 303 F.3d 1256, 1260 n.5 (11th Cir. 2002), I cannot perceive of any amendment which would permit this suit. I therefore recommend that the complaint be dismissed.

Respectfully submitted,

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE

DATED: MAY 10, 2012

NOTICE TO PARTIES

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its service shall bar an aggrieved party from attacking the factual findings on appeal. 28 U.S.C. 636(b)(1).